IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01743-EWN-BNB

PATRICIA LEE MORROW,

Plaintiff,

v.

WACHOVIA BANK, N.A., as Trustee for the Registered Holders of Aegis Asset Backed Securities Trust,
HOPP & SHORE, LLC, and
PUBLIC TRUSTEE OF BOULDER COUNTY,

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

The plaintiff commenced this case by filing a Verified Complaint (the "Complaint") on September 1, 2006 [Doc. #1]. On September 7, 2006, I ordered the plaintiff to file proof of service on all defendants on or before January 2, 2007 [Doc. #3]. The plaintiff did not file proof of services on any of the defendants.

Rule 4(m), Fed. R. Civ. P., provides in part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The 120 days for service provided in Rule 4(m) expired on December 30, 2006.

On January 4, 2007, I ordered the plaintiff to show cause on or before January 18, 2007, why this case should not be dismissed for failure to prosecute, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an Order of this Court. I warned the plaintiff that failure to show cause on or before January 18, 2007, would result in my recommendation that this case be dismissed. The plaintiff did not respond to my show cause order.

Local Rule of Practice 41.1, D.C.COLO.LCivR., provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge may enter an order of dismissal with or without prejudice.

I respectfully RECOMMEND that the Complaint be DISMISSED pursuant to Local Rule 41.1, for failure to prosecute, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an Order of this Court.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review

by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

    Dated January 19, 2007.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge